UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HOWARD,

    Petitioner,

v.

STEPHEN D'ILIO, et al.,

    Respondents.

Civil Action No. 14-4758 (JMV)

**MEMORANDUM OPINION**

**VAZQUEZ, District Judge:**

  This matter comes before the Court on the filing of (1) a Motion to Proceed *In Forma Pauperis* on appeal; and (2) a Motion for Leave to File an Out of Time Notice of Appeal and for Assignment of Counsel ("Motion to Appeal") by Petitioner David Howard ("Petitioner"). (ECF Nos. 23, 24.) For the reasons expressed below, the Motions are denied.

  On or about July 30, 2014, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On February 22, 2018, the Court denied the Petition and denied a certificate of appealability. (*See* ECF No. 20.) On December 31, 2018,[1] Petitioner filed the instant Motions. In support of his Motion to Appeal, Petitioner states that he was unable to file a timely notice of appeal because "the inmate assisting Petitioner was transferred to another state with all the Petitioner's paperwork and court opinions" and he is "not educated [in] the complexities associated with . . . the filing of an appeal of the denial of his habeas corpus petition[.]" (ECF No. 24 at 3.)

---

[1] Although Petitioner's Motions were received by the Court on January 8, 2019, the Motions are dated December 31, 2018. (*See* ECF Nos. 23, 24.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that he filed the Motions on December 31, 2018.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id*. Under Federal Rules of Appellate Procedure 4(a)(1)(A), Petitioner was required to file a notice of appeal "within 30 days" after this Court denied his habeas petition. *See* Fed. R. App. P. 4(a)(1)(A). Petitioner's habeas Petition was denied on February 22, 2018, thus, his time to file a timely notice of appeal elapsed on March 26, 2018.[2] Petitioner filed his Motion to Appeal on December 31, 2018, more than nine months after the last day on which Petitioner could have filed a timely appeal. Under Rule 4(a)(5)(A) a court may extend the thirty-day filing deadline if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Here, Petitioner did not file his Motion to Appeal within the additional 30–day period that expired at the end of April, 2018. This Court therefore lacks the authority to extend the time to appeal under Rule 4(a)(5)(A). Nor can this Court reopen Petitioner's time to appeal under Rule 4(a)(6), because his Motion to Appeal was not filed "within 180 days after the judgment or order [wa]s entered" nor has Petitioner indicated that he "did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A)–(C). Accordingly, the Court is without jurisdiction to grant Petitioner's Motion to Appeal.

---

[2] Because the thirtieth day from February 22, 2018, was a Saturday, Petitioner's notice of appeal would have been timely filed on or before Monday, March 26, 2018. *See* Fed. R. Civ. P. 6(a)(3)(A).

Furthermore, even if this Court did have jurisdiction to extend Petitioner's period to file his notice of appeal, he still fails to make the requisite showing of excusable neglect or good cause under Rule 4(a)(5)(A). Petitioner's only assertion in support of his Motion to Appeal is that the person assisting in his habeas petition was moved out of state. While the Court is sympathetic to Petitioner's circumstances, this is insufficient to provide a basis to extend Petitioner's appeal deadline. To initiate his appeal, Petitioner was required to file a notice to appeal, a one-page document which requires little more than the docket number and date of the decision being appealed; it does not require extensive legal research. For these reasons, Petitioner's Motion to Appeal is denied.[3] In addition, because Petitioner was previously granted *in forma pauperis* status in this case (ECF No. 7), no further authorization from this Court is required for him to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3). Accordingly, Petitioner's Motion to proceed *in forma pauperis* on appeal (ECF No. 23), is denied as moot. An appropriate Order follows.

Date: January 25, 2019
at Newark, New Jersey

                                                s/ John Michael Vazquez
                                                JOHN MICHAEL VAZQUEZ
                                                United States District Judge

---

[3] Together with Petitioner's Motion to Appeal, is a Motion seeking the Assignment of Counsel. (ECF No. 24 at 1.) Because the Court has already denied Petitioner's Motion to Appeal, he fails to provide any basis for why he should be assigned *pro bono* counsel. Accordingly, his Motion seeking the Assignment of Counsel is denied.